In the Matter of the Worker's Compensation Claim of Anthony L. SWASSO.

Anthony L. SWASSO, Appellant (Employee/Claimant),

v.

The STATE of Wyoming, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Objector/Defendant),

v.

BARNHART DRILLING COMPANY, INC., (Employer/Respondent).

No. 87–229.

Supreme Court of Wyoming.

March 17, 1988.

Rehearing Denied April 21, 1988.

Sky D. Phifer, Lander, for appellant.

Joseph B. Meyer, Atty. Gen., Josephine T. Porter, Sr. Asst. Atty. Gen., and Susan Maher Overeem, Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

In this worker's compensation case, appellant Anthony L. Swasso appeals from the district court order granting motions of the Wyoming Worker's Compensation Division (state fund) dismissing his Petition for Relief from Order, and Amended Petition for a new trial, constituting a request to re-examine a previously denied worker's compensation claim. We affirm, based on principles of res judicata.

Swasso fashions the appeal:

"1. Does the District Court lack jurisdiction to hear Employee/Claimant's Petition for Relief from Order on the grounds of lack of standing on the part of the Employee/Claimant?

"2. Does the District Court lack jurisdiction to hear Employee/Claimant's Petition for Relief from Order because of a lack of statutory authorization for the Petition?

"3. Is the Petition for Relief from Order filed by the Employee/Claimant barred by the Doctrine of Res Judicata?"

The state fund inquires:

"Whether the trial court abused its discretion by granting appellee's motion to dismiss when a motion for a new trial had previously been denied and when the issues before the court had already been litigated and appealed."

On December 19, 1983, Swasso, who was then employed by Barnhart Drilling Company, Inc. (employer) as a tool pusher and driller, filed a worker's report of accident with the district court, alleging that an injury to his back had occurred on December 4, 1983, at work, while he lifted a 250–pound "crossover sub structure of [a] rig" on which he was working. Subsequent claims for awards were filed, including claims for chiropractic treatment for a two-month period, and were paid for by the state fund. According to the treating chiropractor, the "injury" constituted an aggravation of a pre-existing condition.

Nine months after this treatment, with no intervening claim, a further claim was filed on December 3, 1984, for expenses of chiropractic treatment incurred on November 27, 1984, "to have my back injuries evaluated and if disability payment is feasible," as recited in the form. This new claim by Swasso gave December 4, 1983 as the injury date, and resulted in employer's response by a letter to the clerk of court to request medical documentation to establish that Swasso's current back problems should be attributed to the year-earlier back strain. In that letter, employer further stated that Swasso had worked for him until his October 26, 1984 employment discharge, and that at no time during the spring, summer, or fall of 1984 was there any report of any recurring pain or re-injury. On December 20, 1984, Swasso filed for the first time for temporary total disability benefits for the period from October 27, 1984 (day after discharge) through December 31, 1985. Again by letter to the clerk of court dated January 4, 1985, the employer objected to the application for benefits, stating that it did not believe that its former employee's current ailment could be attributed to a specific incident or accident that occurred during covered employment. The objection letter was followed by a more formal Petition Protesting Benefits and Statement of Reasons for Objection to Claim.

On March 19, 1985, Swasso filed another Application, Claim and Award for Initial Temporary Total Disability for the period from November 26, 1984 to the time of claim, signed by himself and by Dr. W. Michael Pryor.

The trial was held in September, 1985, at which time the court heard testimony from Swasso, Dr. W. Michael Pryor, Deborah Lind, D.C., and three employer witnesses. Following conclusion of the trial, in January 1986, the court entered specific findings of fact, to which objection was taken by a motion for new trial. Judgment was entered adverse to Swasso on March 19, 1986, concluding that the employee "failed to meet his burden of proof by preponderance of the evidence and that therefore he is entitled to no benefits as claimed." Undeterred even though he had lost in trial on a sufficiency-of-the-evidence decision, Swasso promptly filed a Combined Motion for New Trial and Motion for Relief from Judgment Order, alleging that there was an error in the assessment of recovery, that the decision was not sustained by sufficient evidence and was contrary to the law, and further that there was an error of law occurring at trial and that the Judgment and the Findings of Fact were based upon substantial mistakes of fact and evidence. These motions were deemed denied on May 25, 1986, pursuant to automatic denial provisions of Rule 59(f), W.R.C.P., and by denial order filed June 13. Following prompt appeal and after docketing in the Supreme Court, the state fund filed a motion for dismissal of the appeal for want of prosecution in that appellant's brief was not timely filed. Responsive to that motion, the appeal was dismissed by this court on August 29, 1986, pursuant to Rule 5.11, W.R.A.P.[1]

Eight months later, back to the district court and now by different counsel, Swasso filed a Petition for Relief from Order based on mistake and newly discovered evidence, which initiated this present proceeding. The petition alleged that a March 19, 1985 form document, Application, Claim and Award for Initial Temporary Total Disability was "unable to be submitted as evidence" at trial and now constituted newly discovered evidence that could not have been discovered by due diligence prior to trial, since only to be found in the files of the state fund. The petition also alleged that recent medical evidence existed that was not presented at trial, and requested that the court reopen the worker's compensation case to allow Swasso's benefits as originally claimed, and for medical treatment and disability subsequent to trial, as well as permanent partial disability.

On May 19, 1987, the state fund filed a response to Swasso's petition, in part opposing Swasso's contention that the Application, Claim and Award for Initial Temporary Total Disability was unable to be submitted as evidence at the original trial, reciting that the document had been in the court file during the entire sequence of the earlier proceeding which then ended with appeal dismissal. The state fund further argued that since Swasso was applying for benefits, the doctrine of res judicata barred relitigation so that Swasso was without standing to pursue his petition, and that the district court was without further jurisdiction. Claimant answered the response by a one-sentence Amended Petition:

"COMES NOW Anthony L. Swasso, Employee/Claimant, and hereby amends his initial petition to amend the prayer to include a request for a new trial."

As a further answer, the state fund filed a motion to dismiss, and after hearing, the trial court sustained the state fund's motions, from which this appeal followed. At the hearing, the state fund had raised the defense of res judicata, and although not stated on the face of the dispositive order, it is clear that the court based its decision on that premise.

*CLS v. CLJ*, Wyo., 693 P.2d 774, 775–776 (1985), contains the following discussion of the doctrine of res judicata:

"Res judicata is a fact of the Anglo-American system of unified adjudication.

" 'A court does not face a legal problem as a new, pristine blackboard "never writ upon." Decisions are mirrors of past decisions and in turn are reflected in the decisions of the future. The continuum can no more be broken than can reflecting mirrors be inter-

1. Differing from a fairly frequent occurrence, counsel for Swasso also failed to file any request for reconsideration by this court as might have been premised on cause for default shown.

rupted.' A. Vestal, Res Judicata/Preclusion at V–3 (1969).

"The doctrine of res judicata is that a judgment, decided upon the merits by a court with jurisdiction, is conclusive of that cause of action and facts or issues litigated, both to the parties and their privies in any other action in the same or different court of concurrent jurisdiction on the same issues. 46 Am.Jur.2d Judgments § 394.

"'Res judicata is the term applied to the rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies; and, as to them, it constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action.' Barrett v. Town of Guernsey, Wyo., 652 P.2d 395, 398 (1982).

"Res judicata is a rule of universal law which pervades every well-regulated system of jurisprudence. Rubeling v. Rubeling, Wyo., 406 P.2d 283 (1965). A final, valid determination on the merits of a case is conclusive on the parties and those matters adjudicated. Roush v. Roush, Wyo., 589 P.2d 841 (1979).

"In cases involving identical parties, capacity of parties, cause of actions, and subject matter, a decision in the first case bars relief in the second case. United Nuclear Corp. v. General Atomic Co., 98 N.M. 633, 651 P.2d 1277 (1982). The criteria involved in res judicata are: (1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them. Fox v. 7L Bar Ranch Co., Mont., 645 P.2d 929 (1982). See, Kumberg v. Kumberg, 232 Kan. 692, 659 P.2d 823 (1983). A policy reason for res judicata is that each litigant shall be limited to one opportunity to try his case on the merits. Santos v. State, Dept. of Transp., Kauai Division, 64 Haw. 648, 646 P.2d 962 (1982).

"'The principle of res judicata fosters reliance on judicial action, and tends to eliminate vexation and expense to the parties, wasted use of judicial machinery and the possibility of inconsistent results.' Developments in the Law, Res Judicata, 65 Harvard L.Rev. 820 (1952). See also, Delgue v. Curutchet, Wyo., 677 P.2d 208 (1984)."

In order to determine whether the doctrine of res judicata applies to bar Swasso's petitions, we must first determine whether in both the September, 1985 hearings and the July 20, 1987 motion hearing (1) the parties were identical; (2) the subject matter was identical; (3) the issues were the same and related to the subject matter; and (4) the capacities of the persons were identical in reference to both the subject matter and the issues between them. CLS v. CLJ, supra, 693 P.2d at 775–776. Application of these rules is not troublesome, particularly so where this proceeding presents a second motion for new trial as the first was invoked in the aborted appeal.

In the September, 1985 hearings, the parties to the action were Anthony L. Swasso, Employee/Claimant; Barnhart Drilling Company, Inc., Employer/Respondent; and the State of Wyoming ex rel. Wyoming Worker's Compensation Division. Neither the parties nor their capacities to the action changed between the first hearings and the second. At the initial hearings, the issue was Swasso's eligibility for worker's compensation benefits for temporary total disability for the period from October 27, 1984 through December 31, 1985. The court heard testimony from Swasso; Dr. W. Michael Pryor, his treating physician; Deborah Lind, D.C., a chiropractor; and three employer witnesses.[2]

---

2. In the 1987 Special Session, the Worker's Compensation Act, §§ 27–12–101 through 27–12–805 was repealed and recreated as §§ 27–14–101 through 27–14–804, W.S.1977, 1987 Replacement.

The old act, § 27–12–611, W.S.1977, 1983 Replacement, provided in pertinent part:

"(a) Each employee awarded compensation for temporary total disability shall submit himself for medical examination by a physi-

In his 1987 Petition for Relief from Order and Amended Petition for a new trial, filed 18 and one-half months after initial decision, Swasso argued that the district court should have reopened the case under Rule 60(b)(2), W.R.C.P. to award "the benefits as originally claimed and for medical treatment and disability subsequent to trial, as well as for permanent partial disability." Appellant was clearly praying for benefits already denied by the trial court for injuries found not to be compensable. Had the trial court reopened the case, the court would have had to relitigate the threshold question of whether or not Swasso was suffering from a work-related injury, an issue fully litigated at the September, 1985 hearings. With identity of the parties, the subject matter, and the issues, the trial court properly applied the doctrine of res judicata to bar Swasso's Petition for Relief from Order and Amended Petition for a new trial.

■ Additionally, however, in this appeal Swasso contends that the doctrine of res judicata does not apply because claims of newly discovered evidence and mistake do not fall within the doctrine. As the foundation of his contentions, Swasso submits that a document entitled Application, Claim and Award for Initial Temporary Total Disability, filed March 19, 1985, was unavailable for trial as it was not sent to Swasso or his attorney prior to the trial due to a mistake of the clerk of court. We consequently consider and adversely decide whether a document filed in the formal worker's compensation court file constitutes "newly discovered evidence" for the purpose of Rule 60(b)(2), W.R.C.P. Cf. *Keser v. State*, Wyo., 737 P.2d 756 (1987).

Newly discovered evidence is that "which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b)(2), W.R.C.P.[3] We have held that "[e]vidence in a party's possession before a judgment is rendered is not newly discovered evidence entitling one to relief under Rule 60(b)(2)." *Matter of Injury to Seevers*, Wyo., 720 P.2d 899, 903 (1986), quoting 11 Wright and Miller, Federal Practice and Procedure: Civil § 2859 (1973). Here, Swasso was constructively in possession of the document long before the trial on the issue of his worker's compensation eligibility. The document was signed by Swasso and also by Dr. W. Michael Pryor. Swasso himself submitted the document to the clerk of court on March 19, 1985, which became a part of the file on that date. It is clear from the record that Swasso was aware of the existence of this document before the trial. Moreover, Dr. Pryor was a witness in the original hearings and was questioned and cross-examined by the parties. Thus, any factual information the document contained would have been merely duplicative

---

cian licensed to practice medicine in this state, * * *." (Emphasis added.)

The corresponding recreated statute, Section 27–14–609, W.S.1987, on the other hand, provides in pertinent part:

"(a) The division shall review every award for temporary total disability under W.S. 27–14–404 at least once every six (6) months. Upon request by the employer or division, an employee awarded compensation for temporary total disability shall submit to medical examination by a *health care provider * * *.*" (Emphasis added.)

Section 27–14–102(a)(x) defines a health care provider as a

" * * * doctor of medicine, *chiropractic* or osteopathy, dentist, optometrist, podiatrist or psychologist, acting within the scope of his license, licensed to practice in this state or in good standing in his home state."

The effect of this change is that now under the worker's compensation statutes, the medical testimony of chiropractors is accepted as relevant medical testimony, whereas, under the old, repealed statute, such testimony was not. This is notable in this case in that Swasso was injured at a time when the old statute was in effect, and as such, the court used that statute to deny Swasso worker's compensation benefits. On review of a trial court's decision, we must act under the same statutory guidelines as used by that court. *State ex rel. Director, Worker's Compensation Division v. Tallman*, Wyo., 589 P.2d 835, 838 (1979).

3.  "(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc. On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); * * *." Rule 60(b)(2), W.R.C.P.

of Dr. Pryor's testimony at trial. The same is true of the "new medical evidence" offered by Swasso in his petitions in light of the res judicata doctrine. Rule 60(b) only "applies to special situations justifying extraordinary relief, but a showing of such exceptional circumstances should be made." *McBride v. McBride*, Wyo., 598 P.2d 814, 816 (1979). Here, in dismissing Swasso's petition, the trial court found that no such showing was made, and, based on the record on appeal, we agree.

A decision by the trial court for relief under Rule 60(b) invokes consideration by this court whether an abuse of discretion has occurred. By granting the division's motion to dismiss, the court denied Swasso's Petition for Relief from Order and his Amended Petition for a new trial. We have held that:

"* * * An order denying relief under Rule 60(b) is appealable, but proceeding under the rule is not to be regarded as a substitute for an appeal. Since the granting of relief pursuant to that rule is a matter of the exercise of discretion by the trial court, on review the appellate court is limited to the question of whether there has occurred an abuse of the trial court's discretion. It [is] the appellant's burden before the trial court to bring her cause within the claimed grounds for relief and to substantiate by adequate proof the grounds that she claimed for relief. The rule applies to special situations justifying extraordinary relief, but a showing of such exceptional circumstances should be made. A reversal of an order denying relief under Rule 60(b) will be ordered only if the trial court clearly was wrong." *McBride v. McBride*, supra, 598 P.2d at 816.

See also *Kreuter v. Kreuter*, Wyo., 728 P.2d 1129, 1132 (1986); and *Matter of Injury to Seevers*, supra, 720 P.2d at 901.

"Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily and capriciously." *Martin v. State*, Wyo., 720 P.2d 894, 897 (1986).

In agreement with both the mandatory rejection of retrial based on res judicata, and the denial of a new trial based on newly discovered evidence as exercised discretion, the decision is affirmed.