2003 WY 81

**John STONEKING, Appellant (Plaintiff),**

v.

**WHEATLAND RURAL ELECTRIC ASSOCIATION, Appellee (Defendant).**

No. 02–127.

Supreme Court of Wyoming.

July 7, 2003.

Tina N. Kerin,* Cheyenne, Wyoming, Representing Appellant.

Stephen N. Sherard of Sherard Sherard & Johnson, Wheatland, Wyoming, Representing Appellee.

Before HILL, C.J.; GOLDEN, LEHMAN, and KITE, JJ.; and E. JAMES BURKE, D.J.

KITE, Justice.

[¶ 1] John Stoneking filed three *pro se* actions against Wheatland Rural Electric Association (WREA) and individual WREA employees in the justice court for Platte County. All three actions were based on a disruption of the electrical service in January and February of 1998 to the home in which Mr. Stoneking was living. Ultimately, Mr. Stoneking hired counsel and filed this action in the district court. The district court granted summary judgment finding Mr. Stoneking's action was precluded by the doctrine of *res judicata.* We affirm.

## ISSUES

[¶ 2] Mr. Stoneking frames two issues:

I. Whether the trial court erred in dismissing Appellant's first amended complaint, based upon *res judicata?*

II. Whether Appellant was denied due process of law by the trial court's dismissal of his first amended complaint?

## FACTS

[¶ 3] In January of 1998, Mr. Stoneking was living with his girlfriend who was renting a house in Wheatland from Clora Harris. In what was apparently a landlord-tenant dispute, Ms. Harris disconnected the electrical meter and interrupted the electrical service to the property on or about January 27, 1998, and for some time in February 1998 as well. Mr. Stoneking had the electrical service put in his name, and the power was restored. Ms. Harris again disconnected the

meter and padlocked the electric box. When Mr. Stoneking asked WREA to remove the padlock by cutting it off the box, it declined. Mr. Stoneking claimed the interruption of the electrical service caused food kept in a freezer to spoil, certain other expenses, and mental suffering. He also claimed WREA should have prosecuted Ms. Harris for her interference with his electrical service.

[¶ 4] On May 5, 1998, Mr. Stoneking filed his first *pro se* action in the justice court against WREA and Chuck Witte, a WREA employee, alleging damages of $1,834 caused by violation of Wyo. Stat. Ann. §§ 37–12–202, 37–12–208, 37–12–401, and 37–12–402 (Lexis-Nexis 2003).[1] On June 3, 1998, the court granted WREA's and Mr. Witte's motions to dismiss with prejudice finding it had no jurisdiction, the complaint lacked properly stated allegations, and the statutes were inapplicable. No appeal of this dismissal was filed.

[¶ 5] Almost immediately thereafter, Mr. Stoneking filed a second action *pro se* against "President of W.R.E.A. William J. Stafford," again alleging damages in the amount of $1,834 caused by: (1) "Breach of Contract"; (2) "going on up to 3.5 days without electricity in Jan 1998 and Feb 1998"; and (3) "no one would do anything to help till I got a third party involved." This case was dismissed without prejudice on or about July 8, 1998, pursuant to Mr. Stoneking's request.

[¶ 6] Mr. Stoneking filed a third action *pro se* in November of 1999 against Chuck Witte, "Manager for WREA," alleging WREA stole Mr. Stoneking's connection box breakers and caused him $450 in damages. A hearing was held on December 14, 1999, at which testimony and exhibits were received. The record contains no transcript or recording of this proceeding. The justice court issued a decision letter on December 15, 1999, finding: (1) Mr. Stoneking and his girlfriend signed an instrument on April 2, 1998, indicating they did not intend to take legal action against WREA; (2) on April 12, 1999,

---

* Order entered March 6, 2003, permitted Ms. Kerin to withdraw as counsel for Appellant.

1. These statutes are entitled as follows: § 37–12–202—"Public utility personnel violating or aiding or abetting in violations"; § 37–12–208—"Utility liable for loss or damage"; § 37–12–401—"Definitions" under Article 4 entitled "Civil Remedies for Wrongful Use of Utility Facilities"; and § 37–12–402—"Civil action allowed."

Mr. Stoneking asked WREA to remove the meter box; (3) Mr. Stoneking signed an agreement prepared by WREA acknowledging he would be responsible for the cost of the work to remove the box; (4) Mr. Stoneking hired Jack's Electric & Plumbing to perform the work for which he was charged $450; (5) WREA owned the equipment, not Mr. Stoneking, and could not have stolen its own property. The justice court dismissed Mr. Stoneking's complaint for failure to state a claim upon which relief could be granted. Similarly, the justice court dismissed WREA's counterclaim which purportedly was filed because Mr. Stoneking "was a pain and was causing them a lot of extra work." The record does not reflect any order beyond the justice court's decision letter.

[¶ 7] Mr. Stoneking filed an appeal in district court which was dismissed because he failed to submit a brief as required by W.R.A.P. 7.06(a) and the "Complaint" filed as a notice of appeal attempted to reargue the facts and did not provide a statement of cogent reasons why, as a matter of law, the case should be reversed. Mr. Stoneking did not appeal from the dismissal.

2. Section 37–12–212 provides:

Every public utility, all officers and agents of any public utility, and every person shall obey, observe and comply with every provision of this act and with every order made by the commission under authority of this act and duly served in accordance with its provisions so long as the same shall be and remain in force. Any public utility or its officers or agents, and any other persons, who shall knowingly and willfully violate any of the provisions of this act is punishable as a misdemeanor or felony, or who fails, omits or neglects to obey, observe or comply with any order or any direction or requirement of the commission, shall (in addition to liability to the party aggrieved for all damages sustained by reason of such violation) forfeit to the state not to exceed the sum of one thousand dollars ($1,000.00) for each and every violation, or in case of a violation which is punishable as a misdemeanor or felony, not to exceed the maximum sum fixed as a fine therefor, which shall be recovered in an action at law to the use of the state upon the complaint of the commission appearing by its attorney or the attorney general; but no such action shall be maintained unless brought within two (2) years after the date of such violation; nor shall such an action be maintained in the case of a person who has already been convicted for the same

[¶ 8] A fourth action, the subject of this appeal, was filed in the district court by counsel on behalf of Mr. Stoneking on February 2, 2000, naming only WREA as a defendant. This action alleged WREA negligently, willfully, and wantonly failed and refused to promptly restore utility service in January and February of 1998 in violation of the National Electrical Code and Wyo. Stat. Ann. § 37–12–212 (LexisNexis 2003)[2] and refused to prosecute Ms. Harris pursuant to Wyo. Stat. Ann. § 37–12–117 (LexisNexis 2003).[3] An amended complaint added breach of contract and fraud claims. WREA filed a motion to dismiss contending this fourth lawsuit was precluded by the doctrine of *res judicata* or, alternatively, collateral estoppel. After a hearing held on February 28, 2002, the district court issued a four-page decision letter which converted the WREA motion into a motion for summary judgment and granted the same on the basis that the action was precluded by the doctrine of *res judicata.* This appeal followed.[4]

## STANDARD OF REVIEW

[¶ 9] When reviewing a grant of summary judgment, we utilize our oft-re-

violation of this act, and recovery by civil action brought in accordance with this section shall not be a bar to any criminal prosecution for the same violation of this act.

3. Section 37–12–117 provides:

Any person who willfully injures, alters or by any instrument, device or contrivance in any manner interferes with or obstructs the action or operation of any meter for measuring electricity or the amount or quantity of electricity passing through it without the knowledge and consent of the person or corporation owning said meter, shall be deemed guilty of a misdemeanor and punished as provided in section 4 hereof [§ 37–12–118].

4. We decline to review or consider a Public Service Commission consumer complaint raised in the pleadings as yet another of the multiplicity of actions filed by Mr. Stoneking. That action, which was dismissed, was pursued in an administrative forum and did not address claims of damage related to negligence, breach of contract, or fraud. Likewise, we decline to review a complaint filed by counsel on behalf of Mr. Stoneking in the First Judicial District Court which was dismissed on the basis of *forum non conveniens* as the court declined to exercise jurisdiction and no decision on the merits was rendered.

peated standard of review. We determine whether a genuine issue of material fact exists and the prevailing party is entitled to have a judgment as a matter of law. *Slavens v. Board of County Commissioners for Uinta County,* 854 P.2d 683, 685 (Wyo.1993); *Davidson v. Sherman,* 848 P.2d 1341, 1343 (Wyo.1993); W.R.C.P. 56(c). When there is no contention that a genuine issue of material fact exists, our concern is strictly with the application of the law. *Goglio v. Star Valley Ranch Association,* 2002 WY 94, ¶ 12, 48 P.3d 1072, ¶ 12 (Wyo.2002). "We review a grant of summary judgment deciding a question of law *de novo* and afford no deference to the district court's ruling." *Id.; see also Hirschfield v. Board of County Commissioners of the County of Teton,* 944 P.2d 1139, 1141 (Wyo.1997).

## DISCUSSION

[¶ 10] The district court thoroughly analyzed the application of the doctrine of *res judicata* to the circumstances of the actions filed by Mr. Stoneking and determined the justice court order issued in the third action precluded the fourth action filed in the district court. Relying on this Court's opinion in *Swasso v. State ex rel. Wyoming Worker's Compensation Division,* 751 P.2d 887 (Wyo.1988), the district court considered the four factors necessary to invoke the doctrine of *res judicata.* We agree the correct test was applied.

> *Res judicata* bars the relitigation of previously litigated claims or causes of action. Four factors are examined to determine whether the doctrine of *res judicata* applies: (1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them.

*Eklund v. PRI Environmental, Inc.,* 2001 WY 55, ¶ 15, 25 P.3d 511, ¶ 15 (Wyo.2001) (citation omitted).

[¶ 11] The district court found:

> The parties in fact need not be identical but rather in privy with the original parties. *Roush v. Roush,* 889 [589] P.2[ ]d 841 (Wyo.1979). Clearly WREA is in privy

with its president and its manager. Nevertheless, in the 9911–0009 suit, WREA did appear as a counter-claim party. Thus, the first requirement of the *Swasso* case was met.

> It is further clear that the subject matter of the suits was the same. That was essentially admitted to by [Mr. Stoneking] in his deposition and his counsel at argument. Furthermore, CV–9911–0009, through its incorporation of CV–9806–0009, indicate[s] that the subject matter was indeed the same.

> For the same reason, the issues were the same and therefore the third requirement of the *Swasso* case was met.

> Finally, there is no question but the capacities of the parties were identical in relationship to the subject matter and the issues between them.

> . . . .

> In the [third justice court action—CV–9911–0009] tried before Judge Connolly, [Mr. Stoneking] was clearly afforded the opportunity and should have litigated all issues arising under the factual circumstances pertaining to WREA that have given rise to this dispute. . . .

> . . . . This Court finds that the verdict in that case against Mr. Stoneking is *res judicata.*

> This Court also notes that [Mr. Stoneking's] claim for fraud should have been brought in the earlier suit, but that it is so non-specific in this matter, it should nevertheless be dismissed for that reason alone.

We agree with the district court's reasoning and conclude it properly applied the principles of the doctrine of *res judicata* in dismissing Mr. Stoneking's claims. The multiple suits should have been brought at one time in the proper judicial forum and should have raised all issues related to the incident.

In addition to precluding issues previously raised and litigated from being the subject of later challenges, the doctrine precludes issues that could have been raised in the first action. *Cermak v. Great West Casualty Company,* 2 P.3d 1047, 1054 (Wyo.2000). We have explicitly stated that claim preclusion has "the effect of

foreclosing any litigation of matters that never have been litigated because of a determination that they should have been advanced in an earlier suit." *Id.* at 1053. A full and fair opportunity to litigate an issue is all that is required for the doctrine to apply. *Bender v. Uinta County Assessor,* 14 P.3d 906, 910 (Wyo.2000); *Wilkinson v. State ex rel. Wyoming Workers' Safety and Compensation Division,* 991 P.2d 1228, 1234 (Wyo.1999).

*Wyodak Resources Development Corporation v. Wyoming Department of Revenue,* 2002 WY 181, ¶ 12, 60 P.3d 129, ¶ 12 (Wyo. 2002). The doctrine of *res judicata* furthers society's interest in having disputes conclusively resolved in a single action and minimizing the expense and difficulties of piecemeal litigation. *DLB v. DJB (Paternity of JRW),* 814 P.2d 1256, 1264 (Wyo.1991).

[¶ 12] Mr. Stoneking contends he was denied due process of law. The record is clear that Mr. Stoneking was afforded plenty of due process. Yet, he believes he is entitled to more—presumably until he perfects his claims and his choice of forum. We recognize that the earlier actions were pursued *pro se* and lacked a clear and thorough articulation of the issues. The fact that the prior cases may not have been well litigated does not permit multiple, repetitious actions.

> "One has the right to appear *pro se;* but when a person chooses to do so, he must be held to the same standard as if he were represented by counsel. He cannot expect the court or the attorneys for other parties to present his case. He cannot be given an advantage by virtue of his *pro se* appearance, and he cannot be placed at a disadvantage thereby other than whatever disadvantage results from his decision to proceed without the assistance of counsel."

*RM v. State, Department of Family Services (Interest of KMM),* 957 P.2d 296, 298 (Wyo. 1998) (quoting *Johnson v. Aetna Casualty and Surety Company of Hartford, Connecticut,* 630 P.2d 514, 517 (Wyo.), *appeal dismissed and cert. denied,* 454 U.S. 1118, 102 S.Ct. 961, 71 L.Ed.2d 105 (1981)). "Although a certain leniency is accorded to *pro se* litigants, the proper administration of justice requires reasonable adherence to the same rules of evidence, procedure and requirements of the court as expected of those qualified to practice law." *Dewey v. Dewey,* 2001 WY 107, ¶ 17, 33 P.3d 1143, ¶ 17 (Wyo.2001).

[¶ 13] Affirmed.