# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 34

### OCTOBER TERM, A.D. 2013

### March 10, 2014

JOSEPH DAX,

Appellant
(Defendant),

v.

No. S-13-0222

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable Daniel L. Forgey, Judge*

*Representing Appellant:*

   *Pro se.*

*Representing Appellee:*

   *Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Jeffrey S. Pope, Assistant Attorney General.*

*Before KITE, C.J., and HILL, BURKE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Justice.**

[¶1]   Appellant, Joseph Dax, appeals the district court's denial of his motion to correct an illegal sentence.  We agree with the district court that this motion is barred by *res judicata*, and affirm.

## *ISSUE*

[¶2]   The dispositive issue in this case is whether Mr. Dax's motion to correct an illegal sentence is barred by *res judicata*.

## *FACTS*

[¶3]   The factual background of this case was recited in Mr. Dax's earlier appeal:

> Both Dax's state and federal prosecution[s] arise from a Casper burglary that involved theft of firearms in violation of 18 U.S.C. § 922(g)(1).  In May of 2002 federal authorities arrested Dax on a charge of a felon in possession of firearms.  Shortly thereafter, the State charged Dax with aiding and abetting burglary in violation of Wyo. Stat. Ann. §§ 6-3-301(a)(c)(i) and 6-1-201 (LexisNexis 2011) and with conspiracy to commit burglary in violation of Wyo. Stat. Ann. § 6-1-303 (LexisNexis 2011).  The State also lodged a detainer and requested that Dax be transferred to State custody after the federal prosecution.
>
> In August of 2002 Dax pled guilty to the federal charge, and in November of 2002 the federal court sentenced him to a minimum term of 15 years in prison.  That same month, the State acquired custody of Dax and its prosecution proceeded.  Dax also pled guilty at the state level to aiding and abetting, while the conspiracy charge was dismissed.  The State agreed that Dax's state sentence would be served concurrently with the federal sentence.  In April of 2003 the state district court sentenced Dax to 20 to 25 years to run concurrently with the federal sentence. At that time, Dax requested credit for time served, and the district court ruled that Dax was entitled to credit for time he served solely on the state charge but that he was not entitled to credit for time he served while he served the federal sentence. The State argued that Dax was not entitled to any credit because the federal

1

court imposed sentence before he was transferred to state custody. The state judgment and sentence was silent on the matter of credit for time served.

Subsequent to the judgment and sentence, Dax began four legal proceedings. First, he took a direct appeal but voluntarily dismissed it in December of 2003. Second, in April of 2004 he filed a motion for sentence reduction based on good behavior and in that motion requested credit for time served in federal pre-trial confinement. The district court denied that motion without a hearing and Dax did not appeal. Third, in December of 2004 Dax filed another motion for sentence reduction. The State actually supported this motion because Dax had cooperated against another offender. In the motion Dax again requested credit for pre-sentence confinement but did not specify whether he meant federal presentence confinement or state presentence confinement, or both. The district court denied the motion this time after a hearing and again Dax did not appeal. Fourth, and finally, Dax instituted this present action in May of 2011.

In this action Dax filed a *pro se* motion to correct an illegal sentence. He again requested credit for time served, which the district court denied.

*Dax v. State*, 2012 WY 40, ¶¶ 3-6, 272 P.3d 319, 320 (Wyo. 2012) ("*Dax I*"). We affirmed the district court's denial of the motion, concluding that "*Res judicata* bars review of the issue raised by Dax because he did not take advantage of the opportunity to raise it multiple times before. Here, he has not shown good cause to excuse those failures." *Id*., ¶ 13, 272 P.3d at 321.

[¶4] On February 25, 2013, Mr. Dax filed another motion to correct an illegal sentence. He entitled this version "Motion for Relief Pursuant to Wyoming Criminal Rule 35(a) Based upon New Evidence." The "new evidence" he offered was a transcript of his initial appearance in the 2002 federal prosecution. The district court concluded that the doctrine of *res judicata* still applied to bar Mr. Dax's claim. "While the transcripts may be new to the defendant's filings in this court," the district court wrote, "they were not unavailable to him during prior proceedings in this court and the Supreme Court. The defendant simply did not request, or submit, them in a timely manner." The district court denied Mr. Dax's new motion to correct an illegal sentence. Mr. Dax challenges that ruling on appeal.

2

## *STANDARD OF REVIEW*

[¶5]   As we stated in *Dax I*, a sentence is illegal if it does not include proper credit for time served prior to trial.  That is a question of law we review *de novo*.  *Id*., ¶ 7, 272 P.3d at 320.  However, the dispositive issue in this case is whether Mr. Dax's claim that his sentence does not include proper credit is barred by *res judicata*.  That also is a question of law we review *de novo*.  *DeLoge v. State*, 2012 WY 128, ¶ 9, 289 P.3d 776, 778 (Wyo. 2012).

## *DISCUSSION*

[¶6]   We explained in *Dax I* that the "doctrine of *res judicata* bars litigation of issues that were or could have been determined in a prior proceeding."  *Id*., ¶ 9, 272 P.3d at 321.  We noted that Mr. Dax "had three prior opportunities to present his sentencing-credit claim to this Court," and concluded that *res judicata* "bars review of the issue raised by Dax because he did not take advantage of the opportunity to raise it multiple times before."  *Id*., ¶¶ 12-13, 272 P.3d at 321.

[¶7]   As the district court observed, Mr. Dax's current legal argument is identical to that made in earlier proceedings.  The only distinction is that he now attaches a transcript of his initial appearance in federal court.  We recognized in *Dax I* that an issue, otherwise barred by *res judicata*, may be considered if the party demonstrates good cause for not raising the issue at an earlier opportunity.  *Id*., ¶ 11, 272 P.3d at 321.  Mr. Dax asserts that he did not obtain a copy of the transcript until recently, and this constitutes good cause for not raising the issue earlier.

[¶8]   This transcript is not the sort of newly discovered evidence that might establish good cause for failing to raise the issue in previous proceedings.  We have frequently discussed newly discovered evidence in other contexts.  For example, in *Eaton v. State*, 2008 WY 97, ¶ 222, 192 P.3d 36, 123 (Wyo. 2008), we recognized that newly discovered evidence may be the basis of a motion for a new trial under Rule 33 of the Wyoming Rules of Criminal Procedure.  We recited this well-established rule:

> In order to obtain a new trial on the basis of newly discovered evidence, an appellant must establish each of the following factors:
>
> > (1) That the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that it did not come sooner; (3) that it is so material that it would probably produce a different verdict, if the new trial were granted; and (4) that it is

3

> not cumulative, viz., speaking to facts in relation to
> which there was evidence at the trial.

*Id*. (quoting *Opie v. State*, 422 P.2d 84, 85 (Wyo. 1967)).

[¶9]   Mr. Dax contends that his failure to obtain the transcript earlier was not due to want of due diligence.  In support of this contention, he attaches several documents to his pleadings, including correspondence with various court reporters.  These documents, he maintains, reflect his diligent efforts to obtain the transcript.  What these documents also demonstrate, however, is that Mr. Dax did not begin these efforts until 2011, more than eight years after pleading guilty to the State charge of aiding and abetting aggravated burglary.  Such delayed efforts do not qualify as due diligence.  As the district court stated, the transcript was available to him during prior proceedings, but Mr. Dax simply did not request or submit it in a timely fashion.  Further, as the State asserts in its brief, Mr. Dax knew about the transcript earlier "because he referred to it in his last appeal and in his panoply of motions."  The transcript did not come to his attention just recently, and it was due to his lack of diligence that the transcript was not available sooner.  It does not qualify as newly discovered evidence.

[¶10]  Mr. Dax has cited no case discussing newly discovered evidence in the context of *res judicata*, but we found such a discussion in *Swasso v. State ex rel. Wyoming Worker's Comp. Div.*, 751 P.2d 887, 891 (Wyo. 1988).  There, we noted Mr. Swasso's contention that "claims of newly discovered evidence . . . do not fall within the doctrine [of *res judicata*]."  *Id*.  We found it unnecessary to resolve that question because the evidence at issue did not qualify as newly discovered evidence.  In that case, we defined newly discovered evidence as that "which by due diligence could not have been discovered" earlier.  *Id*. (quoting W.R.C.P. 60(b)(2)).

[¶11]  Again, the transcript of Mr. Dax's initial appearance in federal court could have been discovered and obtained many years ago.  He has not shown "due diligence."  The claim remains barred by *res judicata*, and we affirm the district court's order denying his latest motion for correction of an illegal sentence.

4