# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 6

**OCTOBER TERM, A.D. 2019**

*January 13, 2020*

J. MICHAELA BYRNES,

Appellant
(Plaintiff),

v.

JOHNSON COUNTY
COMMISSIONERS; JOHNSON
COUNTY ROAD AND BRIDGE; and
STATE OF WYOMING ex rel.
WYOMING DEPARTMENT OF
TRANSPORTATION,

Appellees
(Defendants).

S-19-0056

*Appeal from the District Court of Johnson County*
*The Honorable Thomas W. Rumpke, Judge*

*Representing Appellant:*
   J. Michaela Byrnes, *Pro se*

*Representing Appellees Johnson County Commissioners; Johnson County Road and Bridge:*
   Richard Rideout, Law Offices of Richard Rideout, P.C., Cheyenne, Wyoming

*Representing Appellee State of Wyoming ex rel. Wyoming Department of Transportation:*
   No appearance

*Before DAVIS, C.J., and FOX, KAUTZ, and GRAY, JJ., and DAY, D.J.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAY, District Judge**.

[¶1]    Appellant, J. Michaela Byrnes, filed an inverse condemnation action alleging that a road expansion project took part of her real property located in Johnson County. The district court entered a judgment as a matter of law after the close of her case in chief during a jury trial. The trial court concluded that Ms. Byrnes, representing herself at trial, did not meet her burden to show a taking occurred. The trial court also concluded that the evidence would be inadequate to prove any measure of damages for a partial taking. We affirm the decision of the district court.

### *ISSUES*

[¶2]    There is one issue before this Court:

> Whether the trial court erred in granting a directed verdict based on insufficient evidence of the value of the Appellant's property.

To the extent Ms. Byrnes raised ancillary issues about the timing of the motion, burdens of proof, and jury instructions, the Court incorporates those issues into its analysis.[1]

### *FACTS*

[¶3]    Ms. Byrnes owns a parcel of real property in Johnson County. A public road called County Road 13, also called Trabing Road, is adjacent to that property. Ms. Byrnes has two gated driveways on her property that connect to that road.

[¶4]    A road expansion project was planned for the road. In December 2010, an engineering firm sent a letter to Ms. Byrnes asking her to sign a "Permit to Survey" to allow it to survey her land for the road project. According to her appellate brief, Ms. Byrnes asked for additional information, which she asserts was not received, and she did not grant access for the survey. Her trial testimony, however, indicates that she did allow the survey, although she was out of town working in Texas at the time. Regardless of whether consent was obtained for the survey, the survey did occur at some point, and that survey was submitted to Johnson County and the Wyoming Department of Transportation (WYDOT).

---

[1] Ms. Byrnes also presented an issue related to summary judgment: whether the district court erred in determining that no issue of material fact existed and that Appellees were entitled to judgment as a matter of law. No summary judgment order was included in the designated record nor was a summary judgment order included in the Notice of Appeal. The Court therefore declines to consider this issue.

[¶5]    In July 2011, the Johnson County Road and Bridge Department (Johnson County) provided an update to all affected landowners regarding the project.  Ms. Byrnes asserts that she again asked for more information, which was not provided.  In September 2011, the Johnson County Attorney asked Ms. Byrnes by letter to grant an easement for the construction permit.  According to Ms. Byrnes, that letter was threatening and stated that if she did not grant the easement, then her fences and roadways would not be realigned with the project.  According to the County, that letter was an offer consistent with that provided to all other landowners affected by the road expansion.  The offer was to replace 420 feet of fencing along the length of Ms. Byrnes's property, to pave her two driveway approaches, and to realign those approaches in relation to the new road.  The County also explained in that letter that it already had a right of way across the property and therefore no permission or easement was needed for the road expansion, i.e., that the project would move forward whether she accepted the County's offer or not.  Communications continued between the parties.  Ms. Byrnes continued to deny access for the project.

[¶6]    In July 2012, the County began its road expansion project.  Ms. Byrnes alleged that the road was moved onto her property approximately 33 feet, resulting in what she asserted was an unconstitutional taking of a space 33 feet wide and 420 feet long.  She also asserted her mailboxes were moved and damaged; her private driveways were blocked during construction; there were conflicts with the flagging and construction crews during the project; the crews littered on her property; permanent survey markers were removed; and the driveways to her property were shortened to such an extent to make them unsafe.

[¶7]    Ms. Byrnes filed a complaint against WYDOT and Johnson County for trespass, conversion, fraud, harassment, and an unlawful taking of property.  In an order entered on February 5, 2018, the district court dismissed all claims against WYDOT.  The district court also dismissed all claims against Johnson County except the claim for inverse condemnation.  The inverse condemnation claim was set for a jury trial.

[¶8]    Before the trial occurred, Ms. Byrnes filed two interlocutory appeals, docketed as S-18-0051 and S-18-0052.  This Court dismissed both appeals.  The appeal in docket S-18-0051 was of a non-appealable order regarding the disqualification of the presiding judge.  The appeal in docket S-18-0052 was of the trial court's dismissal of all claims against WYDOT.  This Court determined that the decision Ms. Byrnes sought to appeal in docket S-18-0052 was not a final order since the remaining claim for inverse condemnation against Johnson County had not yet been decided.

[¶9]    A jury trial occurred on November 5 and 6, 2018.  Ms. Byrnes represented herself at trial. Ms. Byrnes presented three witnesses: her daughter, herself, and Andy Campbell. At the close of Ms. Byrnes's case in chief, Johnson County moved for judgment as a matter of law.  After the trial court allowed Ms. Byrnes to present some additional testimony and

to move for the admission of certain exhibits, the motion was renewed. The district court granted the motion. This appeal timely followed.

## *STANDARD OF REVIEW*

[¶10] When reviewing a trial court's judgment as a matter of law:

> We undertake a full review of the record without deference to the views of the trial court. The test to be applied is whether the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable persons could have reached. We view the evidence in the light most favorable to the nonmoving party, and give that party the benefit of all reasonable inferences that may be drawn from the evidence. When the facts permit the drawing of more than one inference, it is for the jury to choose which will be utilized. Since a judgment as a matter of law deprives the party opposing the motion of a determination of the facts by a jury, it should be cautiously and sparingly granted.

*Stevens v. Anesthesiology Consultants of Cheyenne, LLC*, 2018 WY 45, ¶ 25, 415 P.3d 1270, 1280 (Wyo. 2018) (citations omitted). "A judgment as a matter of law is appropriate when reasonable jurors could reach but one conclusion as to the verdict." *Anderson v. Duncan*, 968 P.2d 440, 442 (Wyo. 1998).

[¶11] Our standard of review is the same whether it arises in the procedural context of a motion for judgment as a matter of law prior to the submission of the case to the jury or in the context of a renewed motion for judgment as a matter of law after the jury has returned a verdict. *Stevens*, ¶ 25, 415 P.3d at 1280 (citation omitted).

[¶12] "Despite the fact that judgment as a matter of law should be granted cautiously and sparingly, the district court has an obligation to direct entry of such a judgment where there is legally insufficient evidence to support a verdict on a particular issue." *Witherspoon v. Teton Laser Ctr.*, 2007 WY 3, ¶ 8, 149 P.3d 715, 723 (Wyo. 2007) (quoting *Worman v. Carver*, 2004 WY 38, ¶ 9, 87 P.3d 1246, 1249 (Wyo. 2004)).

## *DISCUSSION*

### A. Governmental Takings

[¶13] The United States and Wyoming Constitutions prohibit the taking of private property for public use without just compensation. U.S. Const. amend. V; Wyo. Const. art

1, § 33. "Private property shall not be taken or damaged for public or private use without just compensation." Wyo. Const. art 1, § 33. The government is not prohibited from taking private property. It is only prohibited from taking private property without providing just compensation. *E.g.*, *Bush Land Dev. Co. v. Crook Cnty. Weed & Pest Control Dist.*, 2017 WY 12, ¶ 8, 388 P.3d 536, 539 (Wyo. 2017).

[¶14] A landowner may be compensated for a taking through one of two methods. The government may take private property through its power of eminent domain and compensate the landowner using formal condemnation proceedings prior to the taking. *Id.* ¶ 9, 388 P.3d at 540. If the government takes private property without using formal condemnation proceedings, then Wyoming's inverse condemnation statute allows the landowner to pursue compensation after the taking. *Id.* ¶ 10, 388 P.3d at 540; *Cheyenne Airport Bd. v. Rogers*, 707 P.2d 717, 728-29 (Wyo. 1985).

[¶15] Ms. Byrnes focused in large part at trial and in her appellate briefing on the requirements of formal eminent domain proceedings. The procedures for exercising that power of eminent domain are governed by Wyoming's Eminent Domain Act, Wyo. Stat. Ann. §§ 1-26-501 to -817 (LexisNexis 2019). However, it is uncontested that eminent domain proceedings were not used by the County for the expansion of the road. According to the County, it did not need to use eminent domain proceedings because it already had an easement for the project. Ms. Byrnes contested the County's adherence to the eminent domain procedures at trial, but the trial court properly emphasized that in the absence of eminent domain proceedings this was an inverse condemnation case.

## B.    Inverse Condemnation

[¶16] Inverse condemnation is distinct from eminent domain. *Conner v. Bd. of Cnty. Comm'rs, Natrona Cnty.*, 2002 WY 148, ¶ 30 n.10, 54 P.3d 1274, 1285 n.10 (Wyo. 2002) (citations omitted). The inverse condemnation statute provides the exclusive remedy for takings that occur without formal condemnation proceedings. *Smith v. Bd. of Cnty. Comm'rs of Park Cnty.*, 2013 WY 3, ¶ 12, 291 P.3d 947, 951 (Wyo. 2013). That statute states:

> When a person possessing the power of condemnation takes possession of or damages land in which he has no interest, or substantially diminishes the use or value of land, due to activities on adjoining land without the authorization of the owner of the land or before filing an action of condemnation, the owner of the land may file an action in district court seeking damages for the taking or damage and shall be granted litigation expenses if damages are awarded to the owner.

4

Wyo. Stat. Ann. § 1-26-516.

[¶17] The inverse condemnation statute is therefore not limited to compensation for direct takings of property. It also allows for compensation when the government "substantially diminishes the use or value of land" due to activities on adjoining land. *Id.*; *Waid v. State ex rel. Dep't of Transp.*, 996 P.2d 18, 23 (Wyo. 2000) ("It is clear from the plain language of Wyo. Stat. Ann. § 1-26-516 that our legislature intended to allow recompense to an owner of property not only for permanent takings, but also for damage or diminution in value."). At least one court has referred to this type of taking as an "indirect condemnation." *Wilson v. Amoco Corp.*, 33 F. Supp. 2d 969, 979 (D. Wyo. 1998). However, damages to the property caused by negligence or other tort claims are not recoverable through inverse condemnation. For those damages, the landowner is relegated to common law tort claims. *Chavez v. City of Laramie*, 389 P.2d 23, 25 (Wyo. 1964); *see also Wilson*, 33 F. Supp. 2d at 980-81 (reviewing Wyoming's jurisprudence regarding the inability to recover tort damages through inverse condemnation).

## C. Burden of Proof to Establish a Taking

[¶18] Ms. Byrnes asserts as a threshold matter that the County did not prove at trial that it had an easement for the road expansion project. The burden of proof in an inverse condemnation action is on the landowner to establish a taking has occurred. *Cheyenne Airport Bd.*, 707 P.2d at 731. It was therefore Ms. Byrnes's burden to prove a taking occurred.

[¶19] Ms. Byrnes presented the testimony of three witnesses. Her first witness, her daughter, testified about the state of the road and the property prior to and after the project, litter during the project, and the presence of workmen on the property during the project. She also testified she thought one of the property boundaries was at the center of the road. Mr. Campbell testified about construction costs to amend the driveway access, including resetting cattleguards and regrading certain pitches. Mr. Campbell affirmatively testified that he did not know if the County was within its right of way. Neither of these witnesses provided testimony regarding the details of Ms. Byrnes's ownership such as any surveyed boundary lines, the scope of existing easements, or whether the road expansion went beyond those boundaries or easements. Their testimony was insufficient to establish a direct taking.

[¶20] Ms. Byrnes also presented her own testimony. Ms. Byrnes works as a certified landman. She emphasized her professional expertise and her knowledge of title and eminent domain law throughout her testimony. She is not a professional surveyor. Ms. Byrnes's testimony established that she contested whether the County had any easement for the expansion project. Ms. Byrnes made references to alleged errors in the survey process that she claimed she would prove through cross-examination of other witnesses. However, she did not call those witnesses in her case in chief.

5

[¶21]   Ms. Byrnes attempted to introduce evidence about which road the County had an easement for—County Road 13 or Road 146. Ms. Byrnes was able to testify about Roads 13 and 146 but her documentary exhibits were largely excluded. The documentary exhibits that were admitted did not reflect what Ms. Byrnes was suggesting in her testimony, i.e., that the County had an easement over her land for Road 146 but not for County Road 13. Ms. Byrnes also attempted to introduce evidence from the surveyor in this case, JLM Engineering, which was also excluded as hearsay. The exclusion of that evidence is not an issue Ms. Byrnes raised on appeal.

[¶22]   This Court can appreciate that Ms. Byrnes wanted to introduce additional evidence about the survey and the scope of any easement on her property. However, much of her evidence was excluded under the applicable rules of evidence. "Although a certain leniency is accorded to pro se litigants, the proper administration of justice requires reasonable adherence to the same rules of evidence, procedure and requirements of the court as expected of those qualified to practice law." *Stoneking v. Wheatland Rural Elec. Ass'n*, 2003 WY 81, ¶ 12, 72 P.3d 272, 276 (Wyo. 2003) (citations omitted). The trial court afforded leniency to Ms. Byrnes during trial through its detailed explanation of procedures, lengthy bench conferences, and by allowing Ms. Byrnes to present additional evidence after she closed her case in chief. At the close of Ms. Byrnes's case in chief, the trial court properly limited its analysis to the evidence that was admitted under the rules of evidence.

[¶23]   First, the trial court concluded that no reasonable jury could find, based on the evidence presented, a direct taking of Ms. Byrnes's property caused by the road expansion. In light of the limited testimony and evidence that was ultimately admitted, and construing that evidence in favor of Ms. Byrnes, this Court affirms the trial court's conclusion. While Ms. Byrnes asserted a taking, she did not prove that taking, which was her burden. Ms. Byrnes also asserts in her appellate brief that the County admitted to taking her property. The record Ms. Byrnes designated in this appeal does not include that alleged admission.

[¶24]   Second, the trial court concluded that no reasonable jury could find, based on the evidence presented, an indirect taking of Ms. Byrnes's property caused by the road expansion adjacent to her land. As noted above, inverse condemnation can be used to recover damages when an adjacent project substantially diminishes the value of the landowner's property without authorization. Wyo. Stat. Ann. § 1-26-516. The trial court concluded that some loss of use to Ms. Byrnes's property occurred but not so much as to "substantially diminish" the value of that property. The testimony of the three witnesses established that Ms. Byrnes's property was affected by the expansion project. In particular, a consequence of the road expansion is that her two driveways connecting to the road are shorter. The trial court received testimony and photographs that vehicles of a certain length no longer had an adequate approach between the road and the gates at the driveways. To

open or close the gates, the vehicle would need to extend into the road and stop while the gates were opened or closed.[2]

[¶25] The evidence presented did not prove a "substantial diminishment" of the property's value. Mr. Campbell presented testimony and an estimate of the costs to relocate the driveway approaches and related changes on Ms. Byrnes's property. That testimony did not establish a value of Ms. Byrnes's property as a whole. The value of the property needed to be established in order to determine whether the impairment of the driveways substantially diminished that value.

## D. Burden of Proof to Establish Just Compensation

[¶26] The landowner has the burden at trial to establish the amount of just compensation. "The landowners in eminent domain cases have the burden of proving the just compensation to which they are entitled. This is the general rule. This is not an idle statement of a rule meant to be disregarded." *Conner*, ¶ 25, 54 P.3d at 1284 (quoting *Energy Transp. Sys., Inc. v. Mackey*, 650 P.2d 1152, 1157 (Wyo. 1982); *see also Cheyenne Airport Bd.*, 707 P.2d at 731. This is true in both inverse condemnation actions, such as this case, and in formal eminent domain proceedings, which this case was not. *Conner*, ¶ 25, 54 P.3d at 1284.

[¶27] While inverse condemnation is distinct from eminent domain, the measure of damages in both types of cases is the same and is prescribed by the Wyoming Eminent Domain Act. *Miller v. Campbell Cnty.*, 854 P.2d 71, 76 (Wyo. 1993). The general rule for the proper measure of compensation is the fair market value of the property taken. "Fair market value" is defined in the Eminent Domain Act:

> (i) The fair market value of property for which there is a relevant market is the price which would be agreed to by an informed seller who is willing but not obligated to sell, and an informed buyer who is willing but not obligated to buy;
>
> (ii) The fair market value of property for which there is no relevant market is its value as determined by any method of valuation that is just and equitable;
>
> (iii) The determination of fair market value shall use generally accepted appraisal techniques and may include:

---

[2] The Court also received some evidence about litter and workmen during the construction. Ms. Byrnes's evidence regarding litter and alleged trespasses by workmen during the project would have been relevant to a claim for trespass but that claim was dismissed prior to trial. That dismissal is not the subject of this appeal.

> (A) The value determined by appraisal of the property performed by a certified appraiser;
>
> (B) The price paid for other comparable easements or leases of comparable type, size and location on the same or similar property;
>
> (C) Values paid for transactions of comparable type, size and location by other public or private entities in arms length transactions for comparable transactions on the same or similar property.

Wyo. Stat. Ann. § 1-26-704(a).

[¶28]   Fair market value is generally measured by the value before the taking and the remainder after the taking. It is a "before and after" test.  As Ms. Byrnes points out in her briefing, one of the several methods to prove the before and after value is through appraisals based on comparable sales.  Wyo. Stat. Ann. § 1-26-704(a); *e.g.*, *Barlow Ranch, Ltd. P'ship v. Greencore Pipeline Co. LLC,* 2013 WY 34, ¶¶ 30-33, 301 P.3d 75, 86-87 (Wyo. 2013).  Ms. Byrnes suggests in her appeal that the trial court should have allowed evidence of comparable sales at trial.  The burden to produce such evidence was on Ms. Byrnes.  She did not produce such evidence.

[¶29]   There is an alternative to the before-and after rule for determining compensation for partial takings.  "[T]here are two alternative ways of figuring compensation when there is a partial taking—the value of what is taken *or* the decreased value of what remains after the taking.  As stated in § 1-26-702(b), the greater of those two amounts is the measure of compensation."  *Barlow Ranch*, ¶ 23, 301 P.3d at 84.  *See also L.U. Sheep Co. v. Bd. of Cnty. Comm'rs of Cnty. of Hot Springs*, 790 P.2d 663, 671-72 (Wyo. 1990).

> (b) If there is a partial taking of property, the measure of compensation is the greater of the value of the property rights taken or the amount by which the fair market value of the entire property immediately before the taking exceeds the fair market value of the remainder immediately after the taking.

Wyo. Stat. Ann. § 1-26-702(b) (emphasis added).

[¶30]   In *Mayland v. Flitner*, this Court suggested that in some cases, the "before and after" valuation incorporates the value of the property rights taken and in such cases the two measures of damages are essentially the same.  2001 WY 69, ¶¶ 37-39, 28 P.3d 838, 852 (Wyo. 2001); *Barlow Ranch*, ¶ 41, 301 P.3d at 88-89 (analyzing *Mayland*).  In the more recent decision of *Sharpe v. Timchula*, this Court clarified that the *Mayland* decision was

limited to the facts of that case and that *Mayland* "did not limit the methods by which compensation may be calculated for a partial taking[.]" 2019 WY 121, ¶ 40, 453 P.3d 761, 772 (Wyo. 2019).

[¶31] This Court previously clarified *Mayland* in *Barlow Ranch*. Damages in a partial takings case are not limited to the difference between the before and after values of the remaining property. *Barlow Ranch*, ¶ 44, 301 P.3d at 89. Rather, Wyo. Stat. Ann. § 1-26-702(b) controls.[3] There is nothing in *Mayland* or subsequent jurisprudence which prohibits the court from considering both the value of the property taken and the before and after value of the property. *Barlow Ranch*, ¶ 44, 301 P.3d at 89.[4]

[¶32] The trial court recognized both measures of damages in its summary of various decisions of this Court. The trial court then concluded that neither measure of damages could be met. The trial court stated, "[T]here's simply no evidence from which a jury, a reasonable trier of fact in this case, could compute either the diminution in the value [or] before and after." Under the applicable standard of review, this Court is to look at the evidence presented, without deference to the trial court's conclusion. *E.g.*, *Stevens*, ¶ 25, 415 P.3d at 1280. After reviewing the record and construing all evidence admitted in favor of Ms. Byrnes, this Court concludes that the trial court's analysis of the limited evidence presented was accurate and no jury could have computed either measure of damages.

[¶33] First, the trial court concluded that no reasonable jury could find, based on the evidence presented, a before and after value of Ms. Byrnes's property. Ms. Byrnes testified at trial to her knowledge of the property's value *after* the alleged taking. However, no evidence of the value of the property *before* the alleged taking was presented by Ms. Byrnes or her other witnesses. A landowner is allowed to present their own evidence of valuation in eminent domain cases, so long as that testimony is competent. *E.g.*, *Conner*, ¶ 25, 54 P.3d at 1284 (citations omitted). Ms. Byrnes testified about an appraisal of the property after the road construction project was completed. Although that testimony showed that the appraised post-construction value of the property was $320,000, there was no evidence produced of the preconstruction value of the property. Omitting evidence of value of the property before the alleged taking prevents a computation of the before and after measure of damages.

[¶34] In a similar omission, the estimated costs for amending the driveways testified to by Mr. Campbell and Ms. Byrnes did not identify the value of the property before the

---

[3] In contrast, in private road cases, there is "one, and only one, method by which damages may be calculated—a 'before and after' appraisal[.]" *Sharpe*, ¶ 38, 453 P.3d at 771. We have noted "that the law on compensation in eminent domain cases developed differently than the law on damages in private road actions." *Id.* ¶ 40, 453 P.3d at 772.

[4] Ms. Byrnes asserts in her briefing that the jury should have been instructed for both methods of calculating damages. Since this matter was resolved at the close of her case in chief, the case never made it to the jury and the propriety of any jury instructions is not properly before the Court.

9

alleged taking or after. The estimated costs for changes to the property does not equate to "fair market value" as defined by Wyoming's Eminent Domain Act. For example, the estimated costs do not reflect the value of an arms-length transaction for the sale of Ms. Byrnes's property, as contemplated by Wyo. Stat. Ann. § 1-26-704(a)(i). The estimated costs do not establish the lack of a market for the property, which would open the door to other methods of proving value. § 1-26-704(a)(ii). The estimated costs did not establish comparable sales, nor did Ms. Byrnes's testimony about the property's appraisal establish value through comparable sales. § 1-26-704(a)(iii). The trial court properly determined that no jury would be able to determine the before and after value based on the evidence presented.

[¶35] Second, the trial court concluded that no reasonable jury could find, based on the evidence presented, the value of the property taken just based on costs incurred by the landowner. The district court's conclusion for this measure of damages overlaps its analysis of the "substantial diminishment" basis for inverse condemnation. Mr. Campbell testified about the cost to relocate the driveway approaches and make related changes. His estimate was of the costs to restore the driveways to their previous state, prior to the road expansion. He estimated those costs to be between $152,556.60 and more than $200,000 at the time of trial due to inflation. His testimony acknowledged that to restore Ms. Byrnes's property to its previous state would also require relocating the road that was expanded. He testified that he would need to guess at the additional costs for the relocation of the expanded road. Ms. Byrnes also testified to a variety of costs including those actually incurred for amending the driveway approaches, legal fees, and related litigation costs. She estimated between $588,647 and $3.7 million in total damages.

[¶36] Even construing the estimated costs and the related testimony and exhibits in favor of Ms. Byrnes, this Court concludes that the value of the property taken was not established. The only values presented were the value of the property after the road expansion, estimated costs of amending the driveway approaches, and an overall estimate of all costs. Under either of the two measures of damages in a partial takings case, the jury would not have been able to reach a conclusion based on the limited evidence presented.

E. Other Issues

[¶37] Ms. Byrnes also asserts that the district court's judgment as a matter of law was premature and that she was thereby deprived of her constitutional right to a jury trial. W.R.C.P. 50 allows a party to move for judgment as a matter of law at various points in a proceeding, including after the close of the plaintiff's case in chief. W.R.C.P. 50(a). The purpose of Rule 50(a) is "to permit the trial court to take from the consideration of the jury, cases in which the facts are sufficiently clear to lead to a particular result under the law." *Hatch v. State Farm Fire & Cas. Co.*, 930 P.2d 382, 395 (Wyo. 1997). The district courts are obligated to enter judgment "where there is legally insufficient evidence to support a verdict on a particular issue." *Witherspoon*, ¶ 8, 149 P.3d at 723. The trial court properly

10

granted the County's motion for judgment as a matter of law at the close of Ms. Byrnes's case in chief, thereby taking the case from the jury, where there was legally insufficient evidence to support a verdict on Ms. Byrnes's issues.

[¶38]   As a final matter, Ms. Byrnes asserts that this Court should enter a default judgment against WYDOT because it did not file a response brief to her appeal.  Ms. Byrnes relies on W.R.C.P. 55.  W.R.C.P. 55 applies after the pleadings stage in a trial court.  There is no parallel rule in the rules of appellate procedure.  While Ms. Byrnes previously appealed WYDOT's dismissal from this action, that appeal was dismissed in docket S-18-0052.  She did not re-raise her appellate issues against WYDOT in this appeal.  WYDOT did not participate in this new, third appeal because no issues were raised against it.

## *CONCLUSION*

[¶39]   There was no error and the trial court properly entered a judgment as a matter of law that Ms. Byrnes failed to establish a taking and failed to provide proof of damages.

[¶40]   Affirmed.