# IN THE SUPREME COURT, STATE OF WYOMING

## 2022 WY 107

APRIL TERM, A.D. 2022

September 8, 2022

DELLOS FARMS, INC., a Wyoming
corporation; BRIAN K. DELLOS,
individually and as Personal
Representative for the Estate of Edith L.
Dellos, deceased; DELLOS
HOMESTEAD, LLC, a Wyoming
limited liability company,

Appellants
(Defendants),

v.

SECURITY STATE BANK,

Appellee
(Plaintiff).

S-21-0264

*Appeal from the District Court of Washakie County*
The Honorable Bobbi Dean Overfield, Judge

*Representing Appellants:*
Christopher J. King, Apex Legal, P.C., Worland, Wyoming.

*Representing Appellee:*
Randy L. Royal, Randy L. Royal, P.C., Greybull, Wyoming.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]     Security State Bank (SSB) sued Dellos Farms, Inc., Brian K. Dellos, individually and as personal representative of the Estate of Edith L. Dellos, and Dellos Homestead, LLC (hereinafter collectively referred to as "the Dellos defendants"), alleging Dellos Farms defaulted on two promissory notes it gave to SSB for agricultural loans and seeking to foreclose on the collateral securing the notes.  The Dellos defendants responded by filing counterclaims alleging SSB had engaged in improper lending practices under the Wyoming Consumer Protection Act (WCPA), Wyo. Stat. Ann. §§ 40-12-101 through 114 (LexisNexis 2021).  The district court granted summary judgment in favor of SSB on its claims against the Dellos defendants and on their counterclaims against SSB.  The Dellos defendants appeal the district court's ruling that the WCPA did not apply to the parties' transactions.  We affirm.

## ISSUE

[¶2]     The Dellos defendants raise several issues on appeal, but all of their contentions can be addressed with a single issue:  Did the district court err by concluding the WCPA did not apply to the parties' transactions?

## FACTS

[¶3]     The salient facts in this case are undisputed.  On June 4, 2014, Dellos Farms executed a promissory note, pledging to repay SSB for a $315,000 loan which financed operating costs for Dellos Farms' agricultural business in Washakie County (PN #1).  Through PN#1, Dellos Farms paid off two earlier promissory notes and funded a line of credit.  Dellos Farms provided collateral to secure payment of PN#1 by granting SSB a security interest in Dellos Farms' personal property (such as its equipment, inventory, and farm products) and through personal guaranties from Brian and Edith Dellos.

[¶4]     On February 16, 2018, Dellos Farms obtained another loan from SSB and signed a promissory note for $550,000 (PN#2).  PN#2 paid off some other debt between the parties and infused more operating capital into the line of credit established by PN#1.  To secure payment of PN#2, Dellos Farms gave SSB a security interest in its personal property, Brian and Edith Dellos executed personal guaranties, and Dellos Homestead, LLC mortgaged its real property.

[¶5]     Dellos Farms failed to pay the notes, and SSB declared the notes in default.  Dellos Farms did not cure either default.  Consequently, SSB filed suit against the Dellos defendants to collect on the promissory notes and to foreclose the related security interests.  The Dellos defendants answered and filed ten counterclaims which accused SSB of wrongfully extending the loans to Dellos Farms.  Those counterclaims asserted:  1) the Dellos defendants were entitled to a declaration that the security interests were void

1

because SSB engaged in improper lending practices; 2) SSB breached the implied covenant of good faith and fair dealing; 3) SSB violated the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f; 4) SSB engaged in "fraudulent loan practices (fraud in the inducement)"; 5) the Dellos defendants were entitled to recission of the loan agreements; 6) SSB engaged in fraud; 7) SSB engaged in "unfair and deceptive business act practices"; 8) SSB breached its fiduciary duty; 9) the loan agreements were unconscionable; and 10) SSB engaged in "predatory lending" practices.

[¶6]    SSB filed a motion for summary judgment on its claims and the Dellos defendants' counterclaims. After a summary judgment hearing, the district court granted SSB's motion in all respects. The Dellos defendants appealed.[1]

## STANDARD OF REVIEW

[¶7]    Wyoming Rule of Civil Procedure (W.R.C.P.) 56(a) authorizes summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." We review "de novo the district court's order granting summary judgment and may affirm a summary judgment on any basis in the record." *Bergantino v. State Farm Mut. Auto. Ins. Co.,* 2021 WY 138, ¶ 7, 500 P.3d 249, 253 (Wyo. 2021) (citing *Gowdy v. Cook,* 2020 WY 3, ¶ 21, 455 P.3d 1201, 1206-07 (Wyo. 2020); *Bear Peak Res., LLC v. Peak Powder River Res., LLC,* 2017 WY 124, ¶ 10, 403 P.3d 1033, 1040 (Wyo. 2017); and *King v. Cowboy Dodge, Inc.,* 2015 WY 129, ¶ 16, 357 P.3d 755, 759 (Wyo. 2015)). "When a dispute does not exist with regard to the material facts, the question presented for our review is one of law. We do not accord special deference to the district court's decisions on matters of law," i.e., our review is de novo. *S & G Invs., LLC v. Blackley,* 994 P.2d 941, 943 (Wyo. 2000) (citing *Rist v. Taylor,* 955 P.2d 436, 437 (Wyo. 1998)).

## DISCUSSION

[¶8]    The Dellos defendants claim the district court erred by rejecting their counterclaims for declaratory judgment, unfair and deceptive business act practices, unconscionability, and predatory lending. During the summary judgment proceedings in district court, the Dellos defendants explained that their declaratory judgment, unfair and deceptive business act practices, and predatory lending counterclaims were based upon SSB's alleged violation of the WCPA. On appeal, the Dellos defendants state their unconscionability claim is also based upon the WCPA and do not provide any discussion of the common law doctrine of unconscionability. *See, e.g., Pittard v. Great Lakes Aviation,* 2007 WY 64, ¶¶ 30-35, 156 P.3d 964, 973-74 (Wyo. 2007) (discussing the elements of unconscionability).

---

[1] Other aspects of the district court's summary judgment order are not disputed on appeal, including: 1) summary judgment to SSB for Dellos Farms' overdraft on a demand deposit account; and 2) summary judgment against a third-party defendant because its recorded interest in Dellos Homestead's property was "junior and inferior" to SSB's mortgage.

2

The district court ruled the WCPA did not apply to SSB's loans to Dellos Farms because they were commercial agricultural loans, not consumer transactions. Without addressing the language of the WCPA, the Dellos defendants assert the district court was incorrect.[2]

[¶9]   Resolution of this case requires interpretation of the relevant provisions of the WCPA. "Statutory interpretation is a question of law reviewed de novo." *Ailport v. Ailport,* 2022 WY 43, ¶ 22, 507 P.3d 427, 437 (Wyo. 2022) (citing *Williams v. Sundstrom,* 2016 WY 122, ¶ 19, 385 P.3d 789, 794 (Wyo. 2016)) (other citations omitted).  To interpret a statute, we "first look at the plain language used by the legislature." *In re CRA,* 2016 WY 24, ¶ 16, 368 P.3d 294, 298 (Wyo. 2016)).  "'If the [statutory language] is sufficiently clear and unambiguous, [we] simply appl[y] the words according to their ordinary and obvious meaning.'" *Ailport,* ¶ 22, 507 P.3d at 437 (quoting *In re CRA,* ¶ 16, 368 P.3d at 298).

[¶10]  Section 40-12-105(a) provides:  "A person engages in a deceptive trade practice unlawful under this act when, in the course of his business and in connection with a consumer transaction, he knowingly [engages in a listed prohibited practice]." *See also, WyoLaw, LLC v. Off. of Att'y Gen., Consumer Prot. Unit,* 2021 WY 61, ¶ 28, 486 P.3d 964, 972 (Wyo. 2021) (discussing the meaning of "deceptive trade practice").  Section 40-12-105(a) is clear that, to fall within WCPA's purview, the alleged deceptive trade practice must be "in connection with a consumer transaction."  The WCPA defines "consumer transaction[]" as "the advertising, offering for sale, sale or distribution of any merchandise to an individual for purposes that are primarily personal, family or household[.]"  Section 40-12-102(a)(ii).  The term "merchandise" is broadly defined as "any service or any property, tangible or intangible, real, personal or mixed, or any other object, ware, good, commodity, or article of value wherever situated."  Section 40-12-102(a)(vi).  The definition of "consumer transaction" is not ambiguous.  For the WCPA to apply, the transaction must be primarily for personal, family, or household purposes, rather than commercial purposes.

[¶11]  SSB's loans to Dellos Farms were unquestionably commercial agricultural loans; they had no personal, family, or household purposes.  The loans were made to Dellos Farms, a commercial enterprise producing farm products for sale.  The stated purpose of the loan covered by PN#1 was "TO PROVIDE AGRICULTURAL OPERATING CAPITAL[.]"   The purpose of the PN#2 loan was to "PROVIDE FUNDS TO CONSOLIDATE AGRICULTURAL DEBT."   The district court found "the notes in question pertain only to commercial operations and no residential properties are of concern in this matter."  The Dellos defendants do not claim this finding was incorrect.

---

[2] Throughout the litigation, the Dellos defendants have referred to the WCPA as the "UDAP" statutes. "State consumer protection statutes [are] commonly referred to as state unfair and deceptive acts and practices or "UDAP" laws[.]"  Dee Pridgen, *Wrecking Ball Disguised as Law Reform: Alec's Model Act on Private Enforcement of Consumer Protection Statutes,* 39 N.Y.U. Rev. L. & Soc. Change 279, 281 (2015).

[¶12] Although they did not make the argument in their appellate brief, the Dellos defendants asserted at oral argument that the WCPA applied because Brian and Edith Dellos signed personal guaranties for Dellos Farms' loans. We refuse to consider this argument because the Dellos defendants provide no authority to support it. *In re TJH,* 2021 WY 56, ¶ 32, 485 P.3d 408, 418 (Wyo. 2021) (we generally do not consider unsupported arguments). Moreover, they do not explain how an individual guaranty to secure an unquestionably commercial loan can change the primary purpose of the overall transaction from commercial to personal, family, or household under § 40-12-102(a)(ii).

[¶13] Despite the clear language of the WCPA, the Dellos defendants assert certain cases prosecuted by the Consumer Protection and Antitrust Unit of the Wyoming Attorney General's Office (AG) in 2020 demonstrate the WCPA applies to agricultural lending. *See* "Recent Cases" at https://ag.wyo.gov/law-office-division/consumer-protection-and-antitrust-unit. They are mistaken.

[¶14] The Dellos defendants do not provide any discussion or authority addressing whether it is proper for a court to use examples of the AG's historical application of a statute to interpret that statute's clear and unambiguous language or whether such examples are entitled to the same weight as official AG opinions. *See Dir. of the Off. of State Lands & Invs. v. Merbanco, Inc.,* 2003 WY 73, ¶ 46, 70 P.3d 241, 256 (Wyo. 2003) (giving "some weight" to an AG's opinion on the meaning of an ambiguous statute); *Galesburg Constr. Co. v. Bd. of Trs. of Mem'l Hosp. of Converse Cnty.,* 641 P.2d 745, 750 n.9 (Wyo. 1982) (without conducting an analysis of whether the statute was clear or ambiguous, we stated "[o]pinons of the [AG] construing statutes are entitled to weight, particularly when they have been weathered by time and where the legislature has failed over a long period to make any change in a statute following its interpretation by the [AG]. Such acquiescence is worthy of careful consideration in an inquiry into the intent of that body." (citing *School Districts Nos. 2, 3, 6, 9 and 10, Campbell Cnty. v. Cook,* 424 P.2d 751 (Wyo. 1967)). Aside from the fact that the statute here is unambiguous and there is no AG opinion construing it, it is unnecessary for us to determine whether the AG's enforcement actions should influence our construction of the WCPA because the actions relied upon by the Dellos defendants do not support their position. The cited AG actions do not apply the WCPA to commercial transactions.

[¶15] In *Nationstar* (Docket Number 1:20-cv-3550), the AG joined other jurisdictions in entering into a settlement with Nationstar Mortgage to resolve allegations it had violated consumer protection laws while servicing mortgage loans. Although, as the Dellos defendants point out, *Nationstar* addressed improper trade practices in servicing mortgages, there is no suggestion the loans at issue were commercial, as opposed to personal mortgage loans. *Peaks Trust 2009-1* involved improper trade practices with student loans, which are unquestionably consumer transactions for personal use. In *Santander Consumer USA Inc.,* (Docket No. 193-232), the AG addressed Santander's

improper practices in providing subprime auto loans to consumers. There is nothing indicating Santander's loans were for commercial purposes.

[¶16] The plain language of the WCPA simply does not permit its application to commercial agricultural loans. The district court properly granted summary judgment to SSB on the Dellos defendants' counterclaims because the WCPA did not apply.

[¶17] Affirmed.