# IN THE SUPREME COURT, STATE OF WYOMING

# 2022 WY 138

OCTOBER TERM, A.D. 2022

November 3, 2022

CRAIG COLTON, individually,

Appellant
(Plaintiff),

v.

S-22-0078

TOWN OF DUBOIS,

Appellee
(Defendant).

*Appeal from the District Court of Fremont County*
*The Honorable Jason M. Conder, Judge*

*Representing Appellant:*
　　Craig Colton, pro se.

*Representing Appellee:*
　　Rick L. Sollars, Western Law Associates, P.C., Lander, Wyoming.

*Before FOX, C.J., KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

*BOOMGAARDEN, J., delivers the opinion of the Court; KAUTZ, J., files a specially concurring opinion.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]  Craig Colton filed a declaratory judgment action against the Town of Dubois seeking to reclaim 30.17 acres of real property the Town previously sought to condemn but ultimately acquired through a settlement agreement with Mr. Colton.  The parties filed cross-motions for summary judgment, and the district court entered judgment in favor of the Town.  Mr. Colton challenges the district court's decision on appeal.  We affirm.

## *ISSUES*

[¶2]  The dispositive issue is:[1]

> Whether, in his settlement agreement with the Town, Mr. Colton waived any action he may have under Wyo. Stat. Ann. § 1-26-801(d) to reclaim the 30.17 acres.

## *FACTS*

[¶3]  In January 2008, Mr. Colton, Trustee of the Craig Colton Family Trust, dated December 13, 1995, and Trustee of the Irrevocable Trust for Milo Jet Colton, dated March 24, 1999 ("the Trusts"), filed a complaint seeking a declaration of inverse condemnation under Wyo. Stat. Ann. § 1-26-516.  The Trusts owned a 77-acre parcel of real property near the Dubois Municipal Airport and sought to prevent the Town from condemning any portion of the property.  The Town filed an answer and a counterclaim seeking to condemn 35 acres of the Trusts' property under the Wyoming Eminent Domain Act, Wyo. Stat. Ann. § 1-26-501 *et seq.*  The Town asserted its "Airport Master Plan" identified this property as necessary for the airport's redevelopment.

[¶4]  At the end of a bench trial in October 2009, the district court orally held the Town met its burden to establish condemnation and was entitled to take 30.17 acres of the Trusts' property.[2]  The district court set the matter out 60 days for a hearing on compensation with a final order to be issued subsequently.

[¶5]  Prior to the compensation hearing, the parties entered settlement negotiations resulting in the *Settlement Agreement Release and Covenants* ("the settlement agreement")

---

[1] Mr. Colton raises several issues for the first time on appeal, including negligent misrepresentation, breach of contract, and unconscionability.  "[T]his Court will not consider an issue raised for the first time on appeal unless it is jurisdictional or of such fundamental nature that it must be considered." *Moses Inc. v. Moses*, 2022 WY 57, ¶ 12, 509 P.3d 345, 350 (Wyo. 2022) (internal quotations and citation omitted).  None of these issues are jurisdictional, and Mr. Colton has not shown they are fundamental.  Consequently, we do not address them.

[2] The exercise of a state's power of eminent domain is commonly referred to as a "taking." *See Byrnes v. Johnson Cnty. Comm'rs*, 2020 WY 6, ¶ 14, 455 P.3d 693, 698 (Wyo. 2020).

1

signed on January 14, 2010. Under its terms, the Town agreed to pay the Trusts, through Mr. Colton, a total of $229,430.86 for the 30.17 acres. The total amount represented the Town's initial offer to Mr. Colton of $170,430.86 plus an additional $59,000. The settlement agreement also granted Mr. Colton road and utility easements over the 30.17 acres. Ultimately, the settlement agreement was conditioned upon Mr. Colton delivering the deed to the property and the parties moving to dismiss the pending legal action with prejudice. It also contained several terms releasing the Town from all past, present, and future claims related to the disputed 30.17 acres.

[¶6] The same day the settlement agreement was signed, Mr. Colton signed a special warranty deed conveying the 30.17 acres to the Town. The parties subsequently filed a stipulated motion to dismiss. In February 2010, the district court entered an order dismissing all the parties' claims with prejudice.

[¶7] A little over 10 years later, in February 2020, Mr. Colton filed the current declaratory judgment action seeking to reclaim the 30.17 acres he deeded to the Town. Mr. Colton contended the Town failed to make substantial use of the property during the preceding 10 years and therefore he was entitled to relief under Wyo. Stat. Ann. § 1-26-801(d), which provides:

> If a public entity acquires property in fee simple title under this chapter but fails to make substantial use of the property for a period of ten (10) years, there is a presumption that the property is no longer needed for a public purpose and the previous owner or his successor may apply to the court to request that the property be returned to the previous owner or his successor upon repayment of the amount originally received for the property in the condemnation action. A public entity may rebut the presumption created under this subsection by showing good cause for the delay in using the property.

Wyo. Stat. Ann. § 1-26-801(d) (LexisNexis 2021).

[¶8] In November 2020, the Town moved for summary judgment[3] on two grounds. First, the Town argued Mr. Colton expressly waived any future claims related to the 30.17 acres under the settlement agreement. Second, the Town argued it did not acquire the property as a taking under the Wyoming Eminent Domain Act because the parties stipulated to

---

[3] The Town first responded to Mr. Colton's complaint with a motion to dismiss for lack of subject matter jurisdiction asserting Mr. Colton lacked standing because he had not participated in the previous action in his individual capacity. The district court denied the Town's motion to dismiss finding Mr. Colton was inextricably intertwined with the Trusts and the ownership of the property. The district court found Mr. Colton was a qualified successor of the property under Wyo. Stat. Ann. § 1-26-801(d).

dismissal of the condemnation action with prejudice, and Mr. Colton conveyed the property through a special warranty deed. Mr. Colton filed a cross-motion for summary judgment.

[¶9] The district court held a hearing on the motions. Its order granted summary judgment to the Town and denied Mr. Colton's motion as moot. Mr. Colton timely appealed the district court's order.

## *STANDARD OF REVIEW*

[¶10] "Wyoming Rule of Civil Procedure (W.R.C.P.) 56(a) authorizes summary judgment when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Dellos Farms Inc. v. Sec. State Bank*, 2022 WY 107, ¶ 7, 516 P.3d 846, 848 (Wyo. 2022) (quoting W.R.C.P. 56(a)). We review a district court's order granting summary judgment de novo. *Forbes v. Forbes*, 2022 WY 59, ¶ 30, 509 P.3d 888, 896 (Wyo. 2022) (citing *Matter of Phyllis v. McDill Revocable Tr.*, 2022 WY 40, ¶ 16, 506 P.3d 753, 759 (Wyo. 2022)). When reviewing a grant of summary judgment:

> We . . . afford no deference to the district court's ruling. This Court reviews the same materials and uses the same legal standard as the district court. The record is assessed from the vantage point most favorable to the party opposing the motion . . . , and we give a party opposing summary judgment the benefit of all favorable inferences that may fairly be drawn from the record. A material fact is one that would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties.

*Spence v. Sloan*, 2022 WY 96, ¶ 22, 515 P.3d 572, 579 (Wyo. 2022) (internal citations omitted) (quoting *Miller v. Sweetwater Cnty. Sch. Dist. # 1*, 2021 WY 134, ¶ 13, 500 P.3d 242, 246 (Wyo. 2021)).

## *DISCUSSION*

[¶11] Mr. Colton asserts summary judgment is inappropriate because there is a dispute of material fact related to whether the Town acquired the 30.17 acres under the Wyoming Eminent Domain Act, as is necessary to maintain an action under Wyo. Stat. Ann. § 1-26-801(d). Even though he signed a special warranty deed and the eminent domain proceedings were dismissed with prejudice, Mr. Colton contends the settlement agreement's clear and unambiguous references to the term "taking" reflect the Town nevertheless acquired the property through eminent domain. The Town asserts the 30.17 acres was acquired by purchase under the settlement agreement, through which Mr. Colton clearly waived any future claims related to the property. Though Mr. Colton quotes the

3

waiver provisions of the settlement agreement, he does not directly address the waiver issue on appeal. We find the waiver issue to be dispositive.

[¶12] "[T]he question of waiver is often one of fact[.]" *Skaf v. Wyo. Cardiopulmonary Services, P.C.*, 2021 WY 105, ¶ 13, 495 P.3d 887, 892 (Wyo. 2021) (quoting *Verheydt v. Verheydt*, 2013 WY 25, ¶ 21, 295 P.3d 1245, 1250 (Wyo. 2013)). However, "when the facts and circumstances relating to the subject are admitted or clearly established, waiver becomes a question of law which we consider *de novo*." *Id.* (quoting *Verheydt*, ¶ 21, 295 P.3d at 1250). This Court has "defined waiver as the intentional relinquishment of a known right that must be manifested in some unequivocal manner." *Id.* ¶ 14, 495 P.3d at 893 (footnote omitted) (quoting *Jensen v. Fremont Motors Cody, Inc.*, 2002 WY 173, ¶ 16, 58 P.3d 322, 327 (Wyo. 2002)). "[T]he three elements of waiver are: 1) an existing right; 2) knowledge of that right; and 3) an intent to relinquish it." *Id.* (quoting *Jensen*, ¶ 16, 58 P.3d at 327). Where, as here, the waiver involves a statutory right, we also must consider whether the waiver would affect public policy or public interest. *Id.* ¶ 16, 495 P.3d at 893 (citing *Borman v. Sweetwater Cnty. Sch. Dist. No. 2*, 627 P.2d 1364, 1368 (Wyo. 1981)).

[¶13] We first consider whether Mr. Colton has a statutory right under Wyo. Stat. Ann. § 1-26-801(d). *Skaf*, ¶ 14, 495 P.3d at 893. If the Town acquired the property under the Wyoming Eminent Domain Act, Mr. Colton would have a statutory right to apply to reclaim the property if he qualified as the previous owner or a successor and if the Town failed to make substantial use of the property for 10 years. Because it does not impact our ultimate conclusion, we infer to Mr. Colton's benefit that the Town acquired the property under the Act. The Town does not dispute Mr. Colton is the previous owner and the Town failed to use the property for airport development. The district court found Mr. Colton was a qualified successor of the property under Wyo. Stat. Ann. § 1-26-801(d). Mr. Colton therefore has an existing statutory right, the nature of which we more fully describe below, *see infra* ¶¶ 20–21.

[¶14] The second element requires that Mr. Colton knew of his opportunity to reclaim the property under Wyo. Stat. Ann. § 1-26-801(d) at the time he signed the settlement agreement. *Skaf*, ¶ 14, 495 P.3d at 893. The current version of subsection (d) became effective in July 2007. 2007 Wyo. Sess. Laws ch. 139, §§ 2, 3 (H.B. 124). Mr. Colton filed his complaint against the Town in January 2008 and signed the settlement agreement on January 14, 2010. The provisions of the Wyoming Eminent Domain Act, which include § 1-26-801(d), were the primary basis for the parties' claims throughout the dispute leading to the settlement agreement. Therefore, Mr. Colton knew of the right afforded by § 1-26-801(d) at the time he signed the settlement agreement. *See e.g.*, *Borman*, 627 P.2d at 1373 (stating "as a general rule contracting parties are presumed to have had in mind all existing laws relating to contracts"); 17 Am. Jur. 2d *Contracts* § 228 (Aug. 2022 Update) ("As a broad principle, the law in force at the time a contractual transaction is consummated and made effectual determines the contract's validity and effect.").

4

[¶15]  The third element necessary to establish waiver on summary judgment requires there to be no dispute of material fact that Mr. Colton intended to relinquish his opportunity to pursue a claim under Wyo. Stat. Ann. § 1-26-801(d).  *Skaf*, ¶ 14, 495 P.3d at 893.  To determine whether this element is satisfied, we must interpret the parties' settlement agreement, de novo, using the same principles we apply when interpreting contracts. *Kappes v. Rhodes*, 2022 WY 82, ¶ 18, 512 P.3d 31, 36 (Wyo. 2022) ("A settlement agreement is a contract, and it is subject to the same legal principles as those which apply to any contract." (quoting *Matter of Est. of McCormick*, 926 P.2d 360, 362 (Wyo. 1996))); *TEP Rocky Mountain LLC v. Rec. TJ Ranch Ltd. P'ship*, 2022 WY 105, ¶ 37, 516 P.3d 459, 472 (Wyo. 2022) ("We interpret unambiguous contracts as a matter of law." (quoting *Ecocards v. Tekstir, Inc.*, 2020 WY 38, ¶ 18, 459 P.3d 1111, 1118 (Wyo. 2020))).

[¶16]  Our aim when interpreting contracts "is to determine the intent of the contracting parties." *Holding v. Luckinbill*, 2022 WY 10, ¶ 14, 503 P.3d 12, 17 (Wyo. 2022).  "When the provisions in the contract are clear and unambiguous, the court looks only to the 'four corners' of the document in arriving at the intent of the parties."  *TEP Rocky Mountain LLC*, ¶ 45, 516 P.3d at 474 (quoting *Thornock v. PacifiCorp*, 2016 WY 93, ¶ 13, 379 P.3d 175, 180 (Wyo. 2016)).  We use an objective approach when interpreting contracts, thus rendering the parties' subjective intent irrelevant.  *Schell v. Scallon*, 2019 WY 11, ¶ 16, 433 P.3d 879, 885 (Wyo. 2019) (citing *Claman v. Popp*, 2012 WY 92, ¶ 27, 279 P.3d 1003, 1013 (Wyo. 2012)).  Further, we hold fast to the principle that "[t]he parties are free to incorporate within their agreement whatever lawful terms they desire, and we are not at liberty, under the guise of judicial construction, to rewrite the agreement."  *Pennaco Energy, Inc. v. KD Co., LLC*, 2015 WY 152, ¶ 25, 363 P.3d 18, 26 (Wyo. 2015) (quoting *Davidson Land Co., LLC v. Davidson*, 2011 WY 29, ¶ 14, 247 P.3d 67, 71 (Wyo. 2011)).

[¶17]  Neither party claims the waiver provisions in the settlement agreement are ambiguous.  We conclude they are clear and unambiguous.  Those provisions state:

PURPOSE OF SETTLEMENT

The purpose of this Settlement Agreement is to settle and resolve, and the parties hereto have agreed to settle and resolve, fully and finally, the issue of compensation to be paid Colton by Dubois for the taking of the 30.17 acres and for all claims, demands and actions of Colton against Dubois, arising out of or in any way related to the issue of taking by Dubois and for all matters related to the subdivision application filed by Colton, as well as any and all other claims, whether asserted or not in the State Court action, and whether known or unknown, that any of the parties to this settlement agreement may have as against the other now, or may have in the future arising out of or in any way related to the above taking and

5

subdivision application, including State Court actions or Federal Court action.

3.

RELEASE

Colton hereby releases Dubois from any and all claims, demands, actions or causes of action, whether known or unknown, arising from or related in any way to the above described taking, the procedures of the same, the subdivision application and the procedures of the [sic], and from any and all claims, demands, actions or causes of action, whether known or unknown, arising from or related in any way to any allegations set forth in the State Court action.

4.

RELEASE VALID REGARDLESS OF FUTURE
DISCOVERY OF NEW OR DIFFERENT FACTS

The parties acknowledge that they or their attorneys may discover facts different from or in addition to the facts that they now know or believe to be true with respect to the taking and subdivision application, and/or matters alleged in the State Court Action. Notwithstanding this acknowledgement, Colton and Dubois hereby do, fully, finally, absolutely and forever settle any and all claims, disputes and differences that now exist, may exist in the future, or have existed between them, with respect to the taking and the subdivision application.

[¶18]  The stated purpose of the settlement agreement is to resolve any claims the parties "may have in the future arising out of or in any way related to the above taking[.]"  This purpose is further reflected in the terms of the settlement agreement.  In multiple sections Mr. Colton agreed to release the Town from "any and all" claims.  The settlement agreement also definitively states "Colton and Dubois hereby do, fully, finally, absolutely and forever settle any and all claims, disputes and differences that now exist, [and] may exist in the future . . . with respect to the taking[.]"  The release provisions are broad but nonetheless unequivocal in expressing Mr. Colton's intent to waive "any and all" future claims, "related in any way" to the condemnation action, which would include any claims he had pursuant to Wyo. Stat. Ann. § 1-26-801(d). *See Moayedi v. Interstate 35/Chisam Rd., L.P.*, 438 S.W.3d 1, 8 (Tex. 2014) ("Just because the waiver is all encompassing does not mean that it is unclear or vague.").  Thus, the settlement agreement undisputedly manifests the intent necessary to satisfy the third element of waiver.

6

[¶19] Though there is no dispute of material fact that all three elements of waiver are present, our analysis is not complete. We still must determine whether a waiver of Mr. Colton's statutory right under Wyo. Stat. Ann. § 1-26-801(d) affects public policy or public interest. "As a general rule a person may waive a statutory or constitutional right enacted for the benefit of that person, if that right does not affect public policy or public interest." *Skaf*, ¶ 16, 495 P.3d at 893 (quoting *Borman*, 627 P.2d at 1368); *see also Blondeau v. Baltierra*, 252 A.3d 317, 346 (Conn. 2020) ("[O]nly the party who benefits from or is protected by the right may waive that right. . . . Parties may not waive statutory rights [when] a question of public policy is involved. Likewise, a law established for a public reason cannot be waived or circumvented by a private act or agreement." (citation omitted)). Because statutes often address public policy or are established to protect the public, waivers of statutory rights are not favored. *Skaf*, ¶ 16, 495 P.3d at 893 (citing *Jensen*, ¶ 22, 58 P.3d at 328).

[¶20] Expressions of specific public policy generally arise "from well-established legislative, judicial, or administrative mandate." *Id.* ¶ 24, 495 P.3d at 895 (quoting *Dynan v. Rocky Mountain Fed. Sav. & Loan*, 792 P.2d 631, 640 (Wyo. 1990)). Wyo. Stat. Ann. § 1-26-801 specifically mandates the State, counties, and municipal corporations have authority to condemn private property for a "public purpose." Accordingly, the public policy or interest served by § 1-26-801 is the acquisition, possession, occupation, and enjoyment of private land by a public entity where the public interest and necessity so require. *See* Wyo. Stat. Ann. § 1-26-801(c) (LexisNexis 2021); *see also* Wyo. Stat. Ann. § 1-26-504(a) (LexisNexis 2021). The section then concludes by stating that if a public entity "fails to make substantial use of the [condemned] property for a period of ten (10) years," the previous owner (or successor) of the property, who was paid fair market value for the property by the public entity, "may apply to the court to request that the property be returned to the previous owner or his successor upon repayment of the amount originally received for the property in the condemnation action." Wyo. Stat. Ann. §§ 1-26-801(d), 1-26-702 (LexisNexis 2021) (addressing compensation for a taking).

[¶21] Section 1-26-801(d) is not self-executing. Rather, it provides a previous property owner (or successor) the opportunity to apply to reclaim property when the public's interest in acquiring the property has not been realized. As such, § 1-26-801(d) expressly operates to the benefit of the previous owner (or successor) at their discretion under terms that continue to protect the broader public interest served by granting condemnation authority to public entities. Section 1-26-801(d) protects the broader public interest by requiring the passage of 10 years without public use, and by allowing a public entity to "rebut the presumption created under this subsection by showing good cause for the delay in using the property." Wyo. Stat. Ann. § 1-26-801(d). Under this statutory scenario, whether Mr. Colton waives his statutory opportunity to reclaim the 30.17 acres does not affect the public interest served by the legislature's grant of condemnation authority to designated public entities.

7

[¶22]  As we have often noted, public policy or interest is also served when we recognize an individual's right to freely contract, including the freedom to settle and waive claims when the parties so intend.  *Hassler v. Circle C. Res.*, 2022 WY 28, ¶ 12, 505 P.3d 169, 173 (Wyo. 2022) ("Competent parties have the right to freely contract." (citation omitted)); *Finely Res., Inc. v. EP Energy E&P Co., L.P.*, 2019 WY 65, ¶ 24, 443 P.3d 838, 846–47 (Wyo. 2019) (noting "[t]he right of private contract is no small part of the liberty of the citizen" (quoting *Nuhome Invs., LLC v. Weller*, 2003 WY 171, ¶ 8, 81 P.3d 940, 944 (Wyo. 2003))).  We do not lightly interfere with this liberty.  *Hassler*, ¶ 12, 505 P.3d at 173; *Finely Res., Inc.*, ¶ 24, 443 P.3d at 846.

[¶23]  The language of the Wyoming Eminent Domain Act's good-faith negotiation requirement acknowledges this principle, the purpose of which "is to encourage parties to resolve disputes by agreement, thus preventing needless condemnation proceedings and expenses."  *EOG Res., Inc. v. Floyd C. Reno & Sons, Inc.*, 2020 WY 95, ¶ 20, 468 P.3d 667, 673–74 (Wyo. 2020) (citing *Nichols on Eminent Domain*, Ch. 24, § 24.13[1][a], at 24–155 (Matthew Bender, 3rd ed.)); *see* Wyo. Stat. Ann. §§ 1-26-509 to -511.

[¶24]  For example, § 1-26-509(b)(vii) provides that, in a condemnor's attempt to acquire property by purchase, the parties may contract with respect to "[a]ny other terms or conditions deemed appropriate by either of the parties."  Wyo. Stat. Ann. § 1-26-509(b)(vii) (LexisNexis 2021).  Wyo. Stat. Ann. § 1-26-511(a) further allows a property owner to waive the condemnor's good-faith requirement if it is "waived by written agreement between the property owner and the condemnor[.]"  Wyo. Stat. Ann. § 1-26-511(a) (LexisNexis 2021).  We do not see how Mr. Colton's waiver of any right he has under § 1-26-801(d) would contravene this statutory language or the public policy behind the Wyoming Eminent Domain Act.  *Cf. Outfront Media, LLC v. City of Sandy Springs*, 356 Ga.App. 405, 418, 847 S.E.2d 597, 610 (Ga. Ct. App. 2020) (allowing lessees to waive their "right to just and adequate compensation in any type of condemnation proceedings, which assignment or waiver we will enforce"); *Fibreglas Fabricators, Inc. v. Kylberg*, 799 P.2d 371, 375 (Colo. 1990) (stating "it is well established that a lessee may forego his or her right to compensation—and permit the landlord to receive all the condemnation proceeds—where the lease agreement contains a legally adequate 'condemnation clause' or 'automatic termination clause'").

## *CONCLUSION*

[¶25]  Because we can conclude as a matter of law the settlement agreement satisfies the three elements of waiver and does not contravene the public policy behind the Wyoming Eminent Domain Act, the Town is entitled to judgment as a matter of law.  The district court did not err in granting summary judgment in favor of the Town.  Affirmed.

**KAUTZ, Justice, specially concurring.**

[¶26]  I concur in the result of the majority opinion and in the determination that the settlement language waived the right to reclaim the property under Wyo. Stat. Ann. § 1-26-801(d) (LexisNexis 2021).  However, when determining whether the waiver of Mr. Colton's interest is contrary to public policy, I find it necessary to focus on the specific public policy established by § 1-26-801(d).

[¶27]  "It is a long-standing axiom of contract law that a contract provision is void if the interest in enforcing the provision is clearly outweighed by a contrary public policy." *In re Village Homes of Colo., Inc.*, 405 B.R. 479, 483 (Bankr. D. Colo. 2009) (citing *Mason v. Orthodontic Ctrs. of Colo., Inc.*, 516 F.Supp.2d 1205, 1212 (D. Colo. 2007), and *FDIC v. Am. Cas. Co.*, 843 P.2d 1285, 1290 (Colo. 1992)).  "[A] statutory right conferred on a private party, but affecting the public interest, may not be waived or released if such waiver or release contravenes the statutory policy." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704, 65 S.Ct. 895, 900–01, 89 L.Ed. 1296 (1945).  A waiver of a statutory right is unenforceable on grounds of public policy only if "the interest in its enforcement is clearly outweighed in the circumstances by a public policy against enforcement."  Restatement (Second) of Contracts §178 (1981).  The obvious purpose of the rule voiding waivers of statutory rights is to protect the interest of the public in that statutory right, rather than the interest of the individual contracting party.  It is necessary, then, to determine the interest of the public in § 1-26-801(d), rather than the interest of the public in the entire Wyoming Eminent Domain Act, Wyo. Stat. Ann. §§ 1-26-501 through 1-26-817 (LexisNexis 2021).

[¶28]  Section 1-26-801(d) establishes a policy that governmental entities in Wyoming may not proclaim private property is necessary for a public use, take that property using condemnation proceedings, and then not put that property to any public use for a period of ten years.  The statute enforces this policy by permitting the previous owner (or successor) to reacquire the property, even though the government obtained the property "in fee simple title."  Section 1-26-801(d).  Although the statute creates a strong public policy against governmental entities taking property through condemnation and then "banking" or not using the property, it does not automatically revert the unused property to the previous owner.  Instead, § 1-26-801(d) gives the prior owner the option of requesting return of the property.  This statutory approach to enforcement of the policy requiring condemnors to put the condemned property to public use gives the prior owner a choice to enforce the policy or not.  Similarly, a prior owner who settles the issue of condemnation has the choice of waiving enforcement of the policy when the settlement is reached.

[¶29]  The language of § 1-26-801(d) does not prohibit waiver of the public policy that the statute establishes and enforces.  Because a prior owner has the option of waiving the interest after ten years, the public policy of § 1-26-801(d) does not conflict with a waiver of the reacquisition right when the condemnation action is settled.